J-S69028-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
FREDRICK EARL TAYLOR :
:
Appellant : No. 630 WDA 2017

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005082-2008

BEFORE: BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY RANSOM, J. FILED JANUARY 03, 2018

Appellant, Fredrick Earl Taylor, appeals from the order entered February 28, 2017, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts and procedural history are as follows:

[Appellant] was convicted of one count each of robbery, theft by unlawful taking-movable property, theft by receiving stolen property, and of simple assault-physical menace. [Appellant] was sentenced to ten to twenty years in prison on September 9, 2010. On June 1, 2011, this Court affirmed the judgment of sentence and on September 27, 2011, our Supreme Court denied allowance of appeal. See Commonwealth v. Taylor, 31 A.3d 732 (Pa. Super. 2011) (unpublished memorandum), appeal denied, 30 A.3d 488 (Pa. 2011).

On March 27, 2013, [Appellant] filed a pro se PCRA Petition in which he alleged ineffective assistance of counsel. After appropriate [n]otice, the PCRA court dismissed [Appellant]'s Petition.

Commonwealth v. Taylor, 105 A.3d 801 (Pa. Super. 2014) ("Taylor,

_____

* Former Justice specially assigned to the Superior Court.

supra") (rejecting Appellant's attempt to invoke the newly discovered facts exception to the PCRA's timeliness requirements) (unpublished memorandum), appeal denied, 108 A.3d 35 (Pa. 2015).

On July 20, 2016, Appellant pro se filed a second PCRA petition. The PCRA court appointed Timothy Andrews, Esq. as PCRA counsel. After reviewing the claim, PCRA Counsel filed a "no merit" letter and an application seeking to withdraw representation, pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).

After reviewing PCRA counsel's Turner/Finley letter, the PCRA court issued notice of intent to dismiss Appellant's petition without an evidentiary hearing pursuant to Pa.Crim.R.P. 907. See 907 Notice, 1/30/2017, at 1. Appellant filed no response in opposition to the PCRA court's notice of intent to dismiss. Thereafter, the PCRA court dismissed Appellant's petition and granted PCRA counsel's motion to withdraw from the representation. See Order, 2/28/2017. On March 13, 2017, Appellant pro se filed a notice of appeal.

The PCRA court did not order Appellant to file a concise statement. On May 3, 2017, Appellant filed a 1925(b) statement. The PCRA court issued an opinion incorporating its 907 notice of intent to dismiss as the reasons for the decision to dismiss. See Decree Pursuant to Rule 1925(a), 5/4/2017.

Appellant raises three issues on appeal:

1. Whether PCRA court erred where it failed to consider [Appellant's] timely filed opposition to the PCRA court's intent to dismiss his post-conviction relief petition in light of the 'Mailbox Rule' under the Institutionalized Persons Act?

2. Whether all prior PCRA counsel abandoned [Appellant] at crucial stages of his PCRA petition where counsel's choice was Turner/Finley letter instead of properly reviewing the record and amending [Appellant's] PCRA petition?

3. Whether PCRA court misconstrued the statutory intent of 42 Pa.C.S. §§ 9541-9546 by its usage of dictum to deny [Appellant's] actual innocence claims under the newly discovered evidence under the exceptions clauses of §§ 9541-9546?

Appellant's Br. at 4.[1]

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Ragan, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. Commonwealth v. Brown, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing Commonwealth v. Anderson, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We begin by addressing the timeliness of Appellant's petition, as the

---

[1] We note that Appellant lodges various claims of PCRA counsel's ineffectiveness in his brief. This Court has held "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." Commonwealth v. Ford, 44 A.3d 1190, 1201 (Pa. Super. 2012). Claims that are not raised in a PCRA petition may not be raised for the first time on appeal. See Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014); Commonwealth v. Rigg, 84 A.2d 1080, 1084 (Pa. 2014); see also Pa.R.A.P. 302(a).

- 3 -

PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. Id. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); see Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000).

Appellant's PCRA petition was untimely filed.[2] Nevertheless, in his

---

[2] Appellant's judgment of sentence became final on December 26, 2011, when the 90 day period for filing a writ of certiorari with the United States Supreme Court expired. See 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. The instant PCRA petition was filed on July 20, 2016, more than four years after the judgment became final.

petition, Appellant asserted that he is entitled to relief based on a newly recognized constitutional right. See PCRA Petition, 7/20/2016, at 8 (citing in support Foster v. Chatman, 136 S.Ct. 1737 (2016)). When asserting the newly recognized constitutional right exception under Section 9545(b)(1)(iii), a petitioner must establish a new constitutional right and that the right has been held to apply retroactively. Commonwealth v. Chambers, 35 A.3d 34, 41 (Pa. Super. 2011), appeal denied, 46 A.3d 715 (Pa. 2012).

In Foster, the United States Supreme Court considered whether a state court had erred in applying the doctrine of res judicata to preclude review of the petitioner's Batson challenge. See Foster, 136 S.Ct. at 1747; see also Batson v. Kentucky, 476 U.S. 79 (1986) (forbidding peremptory strikes for a discriminatory purpose). The Foster Court did not recognize a new constitutional right. Rather, it merely applied the longstanding rule set forth in Batson to facts of that case. Accordingly, Appellant has not established an exception to the PCRA timeliness requirements. See Chambers, 35 A.3d at 41.

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition. See Ragan, 932 A.2d at 1170.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/3/2018